UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ANTHONY D. WILLIAMS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. 18-cv-11554-KAR |
| S. SPAULDING, WARDEN, | ) |
| Respondent. | ) |

ORDER

Petitioner Anthony D. Williams ("Williams" or "Petitioner") filed this action challenging the sentence imposed in connection with his 1999 conviction for possession with intent to distribute cocaine base (Dkt. No. 1 at 2-3).[1] He claims that the sentence of 324 months followed by a 60-month term of supervised release imposed on him violated the principle announced in *Alleyne v. United States*, 570 U.S. 99 (2013), and that he is entitled to relief in this court under 28 U.S.C. § 2241 pursuant to the so-called savings clause in 28 U.S.C. § 2255(e).[2] Before this court is the government's Motion to Dismiss Petition Under 28 U.S.C. § 2241 (Dkt. No. 11), which asserts that this court lacks jurisdiction over Petitioner's § 2241 petition. Williams objects and has filed a written opposition to the government's motion (Dkt. No. 20). The parties have consented to this court's jurisdiction (Dkt. Nos. 8, 12). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons set forth below, the government's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

---

[1] Williams is currently incarcerated at FCI Terminal Island in California, but he filed this petition while incarcerated at the federal correctional facility in Devens, Massachusetts and the respondent, the warden of the facility in Devens, was served before Williams was transferred to California.

[2] The sentence the court imposed on Williams was the shortest possible under the then-mandatory sentencing guidelines (Dkt. No. 11-4 at 3).

1

I.    BACKGROUND

In *United States v. Williams,* No. 4:98-cr-01095-RCC-1 (D. Ariz. filed Sept. 9, 1998), the jury, on July 22, 1999, convicted Williams of conspiracy to possess with intent to distribute cocaine base (Count 1) and possession with intent to distribute cocaine base (Count 2) (Dkt. No. 11-1 at 10-11). The indictment did not charge possession of a certain weight of cocaine base, and the jury did not make a finding about the weight of the cocaine base Williams had possessed. He was sentenced to serve 324 months with 60 months of supervised release to follow on each count, with the sentences to run concurrently (Dkt. No. 11-1 at 15). In 2002, on direct appeal, the Ninth Circuit reversed Williams's conviction on Count 1 (conspiracy). The sentence remained unchanged (Dkt. No. 11-1 at 17). *See United States v. Williams*, 45 F. App'x 775, 779-780 (9th Cir. 2002) (unpublished).

On October 21, 2003, Williams filed a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence, raising more than twenty-five issues and claiming actual innocence (Dkt. No. 11-1 at 18; Dkt. No. 11-4). The sentencing judge denied the petition on or around September 9, 2004 (Dkt. No. 11-4 at 28). The district court denied a certificate of appealability and the Ninth Circuit followed suit on April 17, 2007 (Dkt. No. 11-1 at 22-23). On March 10, 2008, Williams filed a motion for retroactive application of the change to the sentencing guidelines for offenses involving cocaine base. Following the appointment of counsel to represent Williams, this motion also was denied by the district court and the denial was affirmed by the Ninth Circuit (Dkt. No. 11-1 at 23-26). In 2012, representing himself, Williams filed a petition under 28 U.S.C. § 2241 before the United States District Court for the District of Oregon, invoking the savings clause in 28 U.S.C. § 2255(e) and challenging his sentence on actual innocence grounds. The court held that Williams's petition did not allege actual

innocence and, on June 3, 2013, dismissed the petition for lack of subject matter jurisdiction (Dkt. No. 11-5 at 4-5). After the district court denied a certificate of appealability, the Ninth Circuit affirmed this ruling (Dkt. No. 11-6).

II. ANALYSIS

In this court, Williams has filed a second petition under 28 U.S.C. § 2241, again invoking the savings clause in 28 U.S.C. § 2255(e). He asserts that his sentence was imposed in violation of the principles announced in *Alleyne*, 570 U.S. at 99, and that he is entitled to petition for relief from this fundamental sentencing error by invoking the savings clause in § 2255(e) (Dkt. No. 1-1 at 6-22).

1. Standard of Review

The respondent's motion to dismiss for lack of jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). *See generally* Rules 1(b) and 12 of the Rules Governing § 2254 Cases. "When a [respondent] moves to dismiss for lack of federal subject matter jurisdiction, '"the party invoking the jurisdiction of a federal court carries the burden of proving its existence."'" *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995), (quoting *Taber Partners, I. v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993))). Williams therefore bears the burden of demonstrating that the respondent's motion to dismiss for lack of subject matter jurisdiction should be denied.

2. Jurisdiction Under the Savings Clause

A petitioner such as Williams, who has already filed several petitions for habeas relief,

> may file a second or successive § 2255 petition only if the court of appeals first certifies that the petition is based on either:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

3

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255 (cross-referencing to … § 2244(b)(3)(A) (requiring authorization by the court of appeals "[b]efore a second or successive application … is filed in the district court"); First Cir. Interim Local Rule 22.2 "From the district court's perspective," these pre-clearance provisions are "an allocation of subject-matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Therefore, "a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals." *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) (citations omitted), *cert. denied*, 523 U.S. 1123 … (1998).

*United States v. Barrett*, 178 F.3d 34, 40-41 (1st Cir. 1999) (first alteration added. These provisions were enacted as part of the 1996 Antiterrorism and Effective Death penalty Act.

Williams has not sought or been granted court of appeals authorization for a successive § 2255 petition. Instead, he relies on the savings clause in § 2255(e) to avoid the prohibition against successive petitions absent court of appeals authorization. Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

"The issue of the adequacy and effectiveness of the § 2255 remedy in a particular case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or 2255." *Nascimento v. United States*, Civil No. 13-cv-385-LM, 2015 WL 1013899, at *2 (D.N.H. Mar. 9, 2015) (citing *Bryant v. Warden*, 738 F.3d 1253, 1262 (11th Cir. 2013)). "In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction

or sentence, pursuant to § 2255." *Id.* Petitioner was convicted and sentenced in Arizona. *See Williams*, 45 Fed. App'x at 776. Unless the conditions for application of the savings clause are satisfied, this court lacks jurisdiction to grant Williams any relief under § 2241.

"A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original). "A collateral challenge to the length of the sentence is traditionally raised in a habeas petition brought before the sentencing court pursuant to 28 U.S.C. § 2255." *Henderson v. Grondolsky*, Civil Action No. 17-10451-JGD, 2019 WL 1409297, at *5 (D. Mass. Mar. 28, 2019) (citing *Trenkler v. United States*, 536 F.3d 85, 87-98 (1st Cir. 2008); *Hankinson v. Grondolsky*, Civil Action No. 14-11702-FDS, 2014 WL 5025819, at * 2 (D. Mass. Oct. 8, 2014)). "The First Circuit has not articulated the full scope of circumstances under which the savings clause could apply." *Plasencia v. Grondolsky*, Criminal Action No. 18-10121-FDS, 2018 WL 6267924, at *2 (D. Mass. Nov. 29, 2018). The First Circuit has held, however, that "post-conviction relief [under § 2255] can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification.'" *Trenkler*, 536 F.3d at 99 (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)). Further, "it has recognized that the savings clause 'has most often been used as a vehicle to present an argument that, under a Supreme Court decision,' as to the meaning of a criminal statute, 'a prisoner is not guilty [of criminal conduct] within the new meaning attributed to the statute.'" *Plasencia*, 2018 WL 6267924, at *2 (quoting *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000)). "Most courts have required a credible

allegation of actual innocence to access the savings clause." *Trenkler*, 536 F.3d at 99 (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

    3. Williams's Petition

There is no doubt that Williams's petition challenges the length of his sentence. He asserts that the government initially filed an information stating that it would seek to increase the minimum mandatory sentence pursuant to 21 U.S.C. § 841(b)(1)(A) based on the volume of the cocaine base allegedly possessed by Williams. He further asserts that, at the time of sentencing, without filing a superseding or corrected information, the government sought a ten-year enhancement of the statutory maximum pursuant to 21 U.S.C. § 841(b)(1)(C) (Dkt. No. 1 at 2).[3] The jury convicted Williams before the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and he was sentenced after *Apprendi* was decided. Over defense counsel's *Apprendi* objection, the court – rather than the jury – made a factual finding as to the amount of cocaine base Williams possessed and sentenced him accordingly under the then-mandatory sentencing guidelines (Dkt. No. 1 at 3). Williams argues that his sentence is illegal because the judge, not the jury, made the finding about the amount of cocaine based he possessed. Because his sentence was increased based on a fact that was not found by a jury, he claims to be entitled to invoke § 2241 to challenge the length of his sentence based on the authority of *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In *Wheeler*, the Fourth Circuit held that a petitioner is, in limited circumstances, permitted to challenge an allegedly illegal sentence by means of a § 2241 petition. *See id.* at 426-28.

---

[3] On Petitioner's direct appeal, the Ninth Circuit ruled that he was not prejudiced by the government's change in the statutory provision on which it was relying in connection with a sentence enhancement because the effect of the change was a reduction in the applicable maximum sentence (Dkt. No. 11-2 at 6). *See Williams*, 45 F. App'x at 779.

Assuming without deciding that the First Circuit would adopt the Fourth Circuit's ruling that some sentencing errors fall within the ambit of the savings clause and may serve as a basis for a § 2241 petition, Williams cannot satisfy the test which was set out by the Fourth Circuit in *Wheeler*, as follows:

> (1) at the time of sentencing, settled law of [the] circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429 (citing *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *In re Jones*, 226 F.3d 328, 333-34 & n.3 (4th Cir. 2000)).

As to the first criterion, the Ninth Circuit ruled that Williams's sentence was legal under settled law when it was imposed (Dkt. No. 11-2 at 6-7). *See* Williams, 45 F. App'x at 779-780. He cannot, however, satisfy the requirements set out in the second criterion. Williams can show that after he was sentenced, the substantive law changed in *Alleyne*. Further, he may well be able to show that the judge's finding that he possessed more than 200 grams of cocaine base resulted in an increase to the minimum mandatory sentence he faced – which was the sentence imposed – thus bringing him within *Alleyne*'s ambit. But he cannot show that in this circuit – or in any other – *Alleyne* (or *Apprendi*) has been deemed to apply retroactively to permit a collateral challenge to a conviction.

In *Butterworth v. United States*, 775 F.3d 459 (1st Cir. 2015), the petitioner argued in his direct appeal that a jury had to find beyond a reasonable doubt any fact that led to the imposition of a higher mandatory minimum sentence. The First Circuit rejected this argument based on then-controlling Supreme Court precedent. *Id.* at 462. The Supreme Court subsequently decided

7

in *Alleyne* "that the 'distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum' was 'inconsistent with [the Court's] decision in *Apprendi v. New Jersey* and with the original meaning of the Sixth Amendment.'" *Id.* (citing *Alleyne*, 570 U.S. at 102) (citation omitted). The *Alleyne* court thus held that, when a defendant's mandatory minimum sentence may be increased based on a fact such as the amount of controlled substances distributed by the defendant, that fact must be submitted to the jury and found beyond a reasonable doubt. *Id.*

Seeking the benefit of *Alleyne* on collateral review, Butterworth moved for relief under Section 2255. The court stated that it was "common ground that Butterworth's sentence was determined under procedures that would fail to suffice under *Alleyne*," *id.* at 463, and that *Alleyne* recognized a new right. *Id.* at 464-65. Butterworth's petition foundered on the question of retroactivity. Relying on the principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989), and its earlier decision in *Sepulveda v. United States*, 330 F.3d 55 (1st Cir. 2003), denying retroactive application to *Apprendi*, the First Circuit held that "the rule announced in *Alleyne* is not retroactively applicable to sentences on collateral review on an initial habeas petition." *Id.* at 468.

So far as the court has been able to determine, every court of appeals that has considered the issue has ruled against the retroactive application of *Alleyne*. *See, e.g., Walker v. United States*, 810 F.3d 568, 574 (8th Cir. 2016) (observing that neither the Supreme Court nor the Eighth Circuit had held that *Alleyne* applied retroactively, that every circuit that had considered the issue had reached the same conclusion, and that *Alleyne* did not announce a watershed rule of criminal procedure that so altered the procedural aspects of the adjudicatory process that retroactive application was warranted); *Mims v. Warden, F.C.I. Miami*, 620 F. App'x 715, 717-

18 (11th Cir. 2015) (unpublished) (the petitioner was not entitled to seek relief under § 2241 via the § 2255(e) savings clause because *Alleyne* did not apply retroactively); *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015) ("In *Kemper* this court recognized that the Supreme Court had not made *Alleyne* retroactively applicable to cases on collateral review, as required to file a successive § 2255 motion under § 2255(h)(2). We reiterate that *Alleyne* does not apply retroactively. This decision accords with that of every circuit to have examined the issue, none of which has decided that *Alleyn* is retroactive.") (footnote omitted); *Crayton v. United States*, 799 F.3d 623, 625 (7th Cir. 2015) (*Alleyne* does not apply retroactively); *Hughes v. United States*, 770 F.3d 814, 818 (9th Cir. 2014) (denying the petitioner relief because *Apprendi* does not apply retroactively and *Alleyne*, as an extension of *Apprendi*, does not apply retroactively to a case on collateral review); *United States v. Reyes*, 755 F.3d 210, 212-13 (3d Cir. 2014) (same); *In re Mazzio*, 756 F.3d 487, 488, 491 (6th Cir. 2014) (same); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013) (same); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (same).

Petitioner argues that because his sentence was not calculated in compliance with *Alleyne*, it is illegal in violation of his Due Process rights, and warrants relief under the savings clause (Dkt. No. 20 at 5). The argument is foreclosed by the First Circuit's decisions in *Butterworth* and *Trenkler*. "[R]ecourse to the savings clause [is allowed only] in rare and exceptional circumstances." *Trenkler*, 536 F.3d at 99. Petitioner's circumstances do not qualify. Although Williams may contend that he is doing so, he is not, in fact, seeking relief based on a new rule "that narrows the scope of a criminal statute in a way that would have rendered the petitioner not guilty of criminal conduct" on which the government relied in seeking a sentence enhancement. *Nascimento*, 2015 WL 1013899, at *3 (citing *Sustache-Rivera*, 221 F.3d at 16 n.14 (referring to cases that relied on the narrowing of the definition of "use" of a firearm)).

Williams has not pointed to any facts to support a claim that he did not possess cocaine base with intent to distribute or that a jury would have reached a conclusion different than did the judge about the amount of cocaine base involved. *See Trenkler*, 536 F.3d at 99.

As was the case in *Trenkler*, Petitioner does not argue that his sentence was beyond the statutory maximum for his crime of conviction. Rather, he complains that the process by which his sentence was imposed was not fair. "Rules that allocate decisionmaking responsibility between judge and jury are generally thought to be procedural." *Id.* (citing *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004); *Sepulveda v. United States*, 330 F.3d 55, 61 (1st Cir. 2003)). That a decision is made by a judge rather than by a jury is not the sort of error that necessarily undermines the fundamental fairness of a judicial proceeding. *Sepulveda*, 330 F.3d at 61. *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), on which Williams relies, does not assist him. *Montgomery* decided that a rule that the United States Supreme Court had announced in a previous case would apply retroactively because it "rendered life without parole an unconstitutional penalty for 'a class of defendants because of their status' – that is juvenile offenders" sentenced to life in prison without the possibility of parole for murder. *Id.* at 734 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002))). The Supreme Court has made no such announcement of retroactivity as to *Apprendi* and *Alleyne*. *See, e.g., Beagle v. Stewart*, Case No. 2:17-cv-12760, 2017 WL 3704372, at *3 (E.D. Mich. Aug. 28, 2017) (rejecting the argument that *Montgomery* rendered *Alleyne* retroactive); *Perez-Colon v. O'Brien*, Civil Action No. 5:14CV90, 2016 WL 5818564, at *2 (N.D.W. Va. Oct. 5, 2016) (same); *Miller v. Mooney*, No. 2:16-cv-5041, 2016 WL 7375015, at *2 (E.D. Pa. Dec. 19, 2016) (same).

This court lacks subject matter jurisdiction over the petition before it because Petitioner has not shown that he is entitled to invoke the § 2255(e) savings clause and file a petition for relief pursuant to § 2241. *See, e.g., Nascimento*, 2015 WL 1013899, at *4; *see also Morris v. Feather*, No. 3:14-cv-00884-AA, 2015 WL 1609479, at *3 (D. Or. Apr. 6, 2015) (the district court lacked jurisdiction to entertain a § 2241 petition based on *Alleyne*); *Spears v. Feather*, No. 3:13-cv-01743-JE, 2014 WL 2893279, at *3 (D. Or. June 25, 2014) (same).

III. CONCLUSION

For the foregoing reasons, the court GRANTS the government's Motion to Dismiss Petition Under 28 U.S.C. § 2241 for lack of subject matter jurisdiction (Dkt. No. 11).[4] Because Petitioner has made no substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. 28 U.S.C. § 2253(c)(1).

It is so ordered.

Dated: May 14, 2019

Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE

---

[4] This dismissal is without prejudice as to relief, if any, to which Petitioner may be entitled under the recently enacted First Step Act.